# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| INDIAN PEAK PROPERTIES LLC ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 24-1108 |
| ) | |
| THE FEDERAL COMMUNICATIONS ) | |
| COMMISSION ) | |
| ) | |
| and ) | |
| ) | |
| THE UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondents ) | |
| _____) | |

## OPPOSITION OF INDIAN PEAK PROPERTIES LLC
## TO AMICUS CURAE

The City of Rancho Palos Verdes ("City") has submitted three confusing 100-page amicus curie briefs (Document 2082038, 2082263 and 2082690). The City is a party to these proceedings and submitted similar arguments and materials (including photographs) in the proceeding below. The briefs are repetitive to each other, as all three make similar arguments.

1

Indian moves the Court to disregard these submissions for four reasons. *First,* the City is not providing a new perspective or unique information. These amicus briefs re-hash materials and arguments presented to the California courts in state court litigation and to the FCC in the proceeding under review here. In the absence of a unique perspective or new information, "leave to file an amicus curie brief should be denied." *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997).

*Second*, the submissions do not comply with FRAP 28 and 29, and D.C. Circuit Rule 29. The City has submitted not one but three amicus briefs, violating the requirement that a single amicus brief be submitted in favor of a party. (The Docket Report describes as a Motion Document 2082038, submitted on October 25, 2024, but that document also contains a brief.) All three were filed out of time. Only the first submission contains a motion, while the second and third contain no motion. The City is not a "government entity" as defined by D.C. Circuit Rule 29(b), and the Court must grant the City's motion for its amicus brief to be considered. According to their certifications, the

City's submissions collectively add up to more than double the permissible word count.

*Third*, the City's submissions do not address the issues on appeal but instead attempt to re-litigate state court actions and the FCC's consideration of Indian's petitions. The City's real complaint is that the California Court of Appeal did not credit the City's issue preclusion and claim preclusion arguments, instead finding that Indian had not raised the defense at the trial court level and therefore "[a]ny reliance on that rule [47 C.F.R. § 1.4000] has been forfeited." Indian Brief at 5, quoting JA1 36. If the supposed findings of fact referenced by the City's submissions actually had the legal effect claimed by the City, the California Court of Appeal should not have made that finding. Similarly, although ostensibly joining the FCC's brief, the City's arguments imply that the Commission's *Order* below was wrongly decided because the agency should not have considered Indian's petitions in the first place. The City's submissions constitute an untimely appeal of the California Court of Appeal ruling as well as an untimely petition for reconsideration of the FCC's *Order*.

*Fourth*, the City's submissions distract and confuse rather than clarify. That is the self-evident purpose for filing three disorganized briefs.

The City's submissions illustrate the need for the FCC's Rule, 47 C.F.R. § 1.4000, to be enforced according to its terms. As described in greater detail in Indian's papers, this rule cuts off rambling state-court litigation such as that of the City's submissions.

Accordingly, Petitioner Indian Peak Properties LLC moves the Court to dismiss or disregard the City's amicus curae submissions.

Respectfully submitted,

**/s/ Julian Gehman**

_____
Julian Gehman
Gehman Law PLLC
(202) 341-0198
julian@gehmanlaw.com
Mail to:   P.O. Box 13514,
           Arlington, VA 22219
Office:    1050 Connecticut Ave NW
           Suite 500
           Washington, DC 20036
Attorney for Indian Peak Properties LLC

4

# CERTIFICATE OF COMPLIANCE

1. This document complies with the type-volume limitations of Fed. R. App. P. 32(a)(7) and this Court's order because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) and D.C. Circuit Rule 32(e)(1), this document contains 536 words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Apple Pages in 14-point or greater Times New Roman.

                                          **/s/ Julian Gehman**
                                          Julian Gehman

# CERTIFICATE AS TO PARTIES, RULINGS AND RELATED CASES

Pursuant to Circuit Rule 28(a)(1), Petitioner Indian Peak Properties LLC certifies as follows:

**Parties and Amici.**

<u>Petitioner</u>: Indian Peak Properties LLC

<u>Respondents</u>: The Federal Communications Commission and The United States of America.

<u>Intervenors</u>: None.

<u>Amici</u>: The City of Rancho Palos Verdes seeks to have the Court consider its three amicus briefs, which this Motion opposes.

**Ruling Under Review.**

The Federal Communications Commission's order captioned *In the Matter of Indian Peak Properties LLC, Petitions for Declaratory Ruling Seeking Preemption Under the Rule Governing Over the Air Reception Devices,* Order on Review (Mar. 7, 2024) ("*Order*").

**Related Cases.**

On June 3, 2022, Indian filed its Petition for Writ of Mandamus in this Court, Case Number 22-1098. On September 2, 2022, this Court dismissed as moot Indian's Petition for Mandamus.

On August 18, 2023, Indian filed its Petition for Review in this Court due to agency inaction, Case Number 23-1223. This Court dismissed as premature Indian's Petition for Review in Case Number 23-1223.

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Circuit Rule 26.1, Indian Peak Properties LLC hereby submits this Corporate Disclosure Statement. Indian Peak Properties LLC is a limited liability company formed under the laws of the State of Nevada. Other than its membership interest, which is indirectly wholly owned by James A. Kay, Jr., an individual, Indian Peak Properties LLC issues no stock and is not owned in whole or in part by any publicly held corporation.

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing OPPOSITION OF INDIAN PEAK PROPERTIES LLC TO AMICUS CURAE was electronically filed using this Court's CM/ECF system, which will send a notice of filing to all registered CM/ECF users.

                                              **/s/ Julian Gehman**
                                              Julian Gehman